HENRY R. DECKER v. S. D. CAHILL.

(Filed June 30, 1900.)

PROBATE COURTS—*Questions of Law and Fact—Appeal, To What Court Taken.* All appeals from final judgments of probate courts shall be allowed and taken to the supreme court of the Territory of in the same manner as appeals are taken from the district court, and with like effect, when only questions of law are involved in the appeal, irrespective of the amount involved: but if one desires to appeal from a final judgment of a probate court and have questions of fact retried in the appellate court, then he must appeal to the district court of the county in the same manner and form as appeals are taken from judgments of justices of the peace, without regard to the amount involved; and an apeal from a final judgment of a probate court which involves only a question of law cannot be taken to the district court of the county, but must be taken and prosecuted by petition in error, either by bills or exceptions and transcript, or case-made, to the supreme court of the Territory.

(Syllabus by the Court.)

*Error from the District Court of Logan County; before Jno. H. Burford, District Judge.*

*Lawrence & Huston,* for plaintiff in error.

*Dale & Bierer,* for defendant in error.

Opinion of the court by

BURWELL, J.: The only question involved in this case which we feel called upon to decide, is as to whether or not an appeal will lie from the probate court to the district court in a case where only a question of law is involved, and the appellant is not asking to have any question of fact retried in the appellate court. In this case the defendant in error, Cahill, recovered a judgment in the probate court against the appellant for $32.00; for $2.65 costs on an attachment; for $8.25 other costs, and for an attorney's fee of $10.00. From this judgment the defendant below prosecuted an appeal by bill of exceptions and transcript to the district court of Logan county. The district court dismissed the appeal for want of jurisdiction, and from this order Decker appealed to this court.

Section 9 of the Organic Act of Oklahoma provides that justices of the peace shall have original jurisdiction of certain civil causes where the amount involved is not in excess of $100.00, and vests probate courts with probate jurisdiction. Subsequently the territorial legislature attempted to enlarge the jurisdiction of the probate courts of the territory by conferring upon them the ordinary powers of justices of the peace, and also certain other jurisdiction concurrent with the district courts. This act of the legislature was ratified by congress, which gave to the act all the force and effect of an original act of that body. The law referred to is art. 15, of ch. 18, of the Statutes of Oklahoma, (1893.)

Section 1 is as follows:

"Probate courts in their respective counties shall in addition to the powers conferred upon them by the probate chapter of the Territory, have and exercise the ordinary powers and jurisdiction of justices of the peace, and shall in civil cases have concurrent jurisdiction with · the district courts in all civil cases in any sum not exceeding one thousand dollars exclusive of costs, and in action of replevin where the appraised value of the property does not exceed that sum; and the provisions of the chapter on civil procedure relative to justices of the peace and to practice and proceedings in the district court shall apply to the proceedings in all civil actions, prosecuted before said probate courts: Provided, the probate courts shall not have jurisdiction:

"First. In any action for malicious prosecution.

"Second. In any action against officers for misconduct in office, except where like proceedings can be had before justices of the peace.

"Third. In actions for slander and libel.

"Fourth. In actions upon contracts for sale of real estate.

"Fifth. In any matter wherein the title or boundaries of land may be in dispute, nor to order or decree the sale or partition of real estate."

It is pretty generally conceded, but we think without due consideration, that a probate judge is *ex-officio* a justice of the peace; but a careful reading of the section just quoted will show that this view is incorrect. All of the powers of a justice of the peace are not conferred upon probate courts. The act confers upon probate courts only the "ordinary powers and jurisdiction of justices of the peace," and not, "all of the powers" of such officer; and in addition thereto the probate courts have concurrent jurisdiction with the district court in all cases in any sum not exceeding one thousand dollars, exclu-

sive of costs, and in action of replevin where the appraised value of the property does not exceed that sum; and the provisions of the chapter on civil procedure relative to justices of the peace, and to practice and proceedings in the district court, are made to apply to the proceedings in all civil actions, prosecuted before the probate courts.

Section 2 provides:

"In all cases commenced in said probate courts wherein the sum exceeds the jurisdiction of justices of the peace, the pleadings and practice and proceedings in said court both before and after judgment shall be governed by the chapter on civil procedure of the Territory governing pleading and practice and proceedings in the district court. In all cases commenced in said probate courts that are within the jurisdiction of justices' courts, the practice and proceedings and pleadings both before and after judgment provided for in justices' procedure of the Territory shall be applicable to the practice, pleading and proceedings of said probate courts."

This section makes no provision for an appeal from the probate court of any county on questions of either law or fact. It only provides the practice, proceedings and pleadings in each class of cases "in the probate court" both before and after judgment, but fails to provide for an appeal from the judgments of such courts. The right of appeal is granted by sec. 5 of the same article which clearly covers the entire question of appeal.

Section 5. "Appeals from the final judgment of said probate court shall be allowed and taken to the supreme court of this Territory in the same manner as from the district courts, and with like effect when only questions of law are involved in the appeal. If questions of fact are to be retried in the appellate court the appeal shall be taken to the district court of the county in manner and

form as appeals are taken from judgments of justices of the peace."

The question of appeals from judgments of probate courts has been before this court several times, and we are inclined to the opinion that the rule heretofore announced should be modified to conform to what we now, after a careful consideration, believe to be correct interpretation of the statute. Section 1 extends the jurisdiction of the probate court; sec. 2 provides for the practice, proceedings and pleadings in the probate courts, both before and after judgment, which includes the preparation of the record for appeal; and sec. 5 designates the respective courts to which appeals may be taken.

One desiring to appeal from a judgment of a probate court has the legal right to determine for himself as to whether he will appeal on a question of law alone or on questions of both law and fact, and demand a trial *de novo* in the appellate court. When questions of law only are involved in the appeal, it must be taken to the supreme court in the same manner as appeals are taken from the district court; and this is true without regard to the amount involved in the action, and an appeal by bill of exceptions, writ of error, or case-made, which presents purely a question of law, will not lie to the district court from a final judgment of a probate court rendered while exercising the ordinary jurisdiction of a justice of the peace, or while exercising concurrent jurisdiction with the district court; but if any question of fact has been tried in the probate court, and the party appealing desires to have such question or questions retried, he must appeal to the district court regardless of the amount involved.

A number of authorities are cited by both the appellant and the appellee in support of their respective posi-

tions, but we find them of little assistance to us, as the statute here construed is peculiar to itself, and none of the authorities cited seem to have any particular bearing upon the proper construction of it except the decisions of our own court; and all of these decisions which are in conflict with the rule herein expressed, are hereby modi· fied to conform herewith.

As to what is "ordinary" jurisdiction of justices of the peace, and what is meant by "concurrent jurisdiction with the district court," we will not at this time express an opinion, but will reserve the consideration of these two expressions until a case comes before us in which they are necessarily involved.

For the reasons herein given the appeal should be dismissed, at the cost of the appellant.

Burford, C. J., having presided in the court below, not sitting; all of the other Justices concurring.